**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| TINA FRANK, individually and on behalf of all others similarly situated, | ) | CASE NO.: 1:26-cv-01205 |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| vs. | ) | |
| ALLSTATE INSURANCE COMPANY, a Delaware company, | ) | |
| Defendant. | ) | |

**ALLSTATE INSURANCE COMPANY'S**
**MOTION TO DISMISS PLAINTIFF'S**
**FIRST AMENDED CLASS ACTION COMPLAINT**

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Allstate Insurance Company ("Allstate") moves this Court to dismiss Plaintiff Tina Frank's First Amended Class Action Complaint (the "Amended Complaint") [ECF No. 11], in its entirety and with prejudice. The Amended Complaint should be dismissed for the following reasons:

(1) Plaintiff lacks Article III standing to pursue her claim under 47 C.F.R. § 64.1200(d) because she fails to plausibly allege that she made a qualifying do-not-call request. Plaintiff relies on a text message stating "Im not a nicholas" and contends that an automated unsubscribe response demonstrates that Allstate recognized the message as such. However, such statement does not request that Allstate stop calling or otherwise cease future telemarketing communications, and neither the automated system's response nor Plaintiff's characterization of the message can transform it into a request that was never made. Absent a qualifying do-not-call request, Plaintiff cannot establish that her alleged injury is fairly traceable to Allstate's alleged failure to maintain

or implement compliant internal do-not-call procedures, and this Court therefore lacks subject-matter jurisdiction.

(2) The Amended Complaint independently fails to state a claim under Rule 12(b)(6) because 47 C.F.R. § 64.1200(d) requires an affirmative request to be placed on the entity's internal do-not-call list or to stop receiving telemarketing communications. Plaintiff's alleged statements, "Im not a nicholas" and that the caller had reached the wrong number, were not affirmative requests to be placed on Allstate's internal do-not-call list.

(3) Plaintiff's newly asserted theory under 47 C.F.R. § 64.1200(d)(5) does not cure these defects. Subsection (d)(5) addresses whether a qualifying do-not-call request applies beyond the business entity making the call to affiliated entities. It does not regulate "campaigns" or campaign-specific opt-out processing. Therefore, Plaintiff's theory that the automated response referencing a "campaign" demonstrates a violation of § 64.1200(d)(5) reads into the regulation an obligation that does not exist in its text.

(4) Plaintiff's claim under 47 U.S.C. § 227(c)(5), to the extent it is based on the alleged receipt of text messages, fails because Section 227(c)(5) provides a private right of action only for persons who have received more than one "telephone call" in violation of the implementing regulations, and a text message is not a "telephone call" within the ordinary meaning of the statute.

(5) Dismissal should be with prejudice because amendment would be futile. Plaintiff has already amended her pleading once after Allstate identified the deficiencies in the original Complaint, yet the Amended Complaint still fails to state a viable claim. The deficiencies arise from the nature of Plaintiff's own allegations: no amendment can transform "Im not a nicholas" or a wrong-number statement into an affirmative do-not-call request, no amendment can convert

text messages into "telephone calls" within the meaning of § 227(c)(5), and Plaintiff's newly asserted § 64.1200(d)(5) theory is foreclosed by the plain language of the regulation.

Dated: August 24, 2026

Respectfully submitted,

By: */s/ Jeffrey Mayer*
Jeffrey Mayer
**AKERMAN LLP**
71 South Wacker Drive, 47th Floor
Chicago, IL 60606
Telephone: (312) 634-5700
Facsimile: (312) 424-1900
Email: jeffrey.mayer@akerman.com

**AKERMAN LLP**
201 E. Las Olas Boulevard
Suite 1800
Fort Lauderdale, FL 33301
Telephone: (954) 463-2700
Facsimile: (954) 463-2224

*/s/ Eric D. Coleman*
Eric D. Coleman
Florida Bar No. 124963
(*Admitted pro hac vice*)
E-mail: eric.coleman@akerman.com
E-mail: lauren.chang-williams@akerman.com
Cherly Lucien
Florida Bar No. 1025987
(*Admitted pro hac vice*)
Primary Email: cherly.lucien@akerman.com
Secondary Email:
sharon.luesang@akerman.com

*Attorneys for Defendant Allstate Insurance Company*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 24, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

*/s/ Jeffrey Mayer*
Jeffrey Mayer
*Attorney for Defendant Allstate Insurance Company*